IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CRIMINAL NO. W-20-CR-152 |
| | * | |
| LUIS EMETRIO GONZALEZ | * | |

FACTUAL BASIS

Had this case proceeded to trial, the United States Attorney for the Western District of Texas was prepared to prove and would prove beyond a reasonable doubt that:

On or about February 8, 2020, in the Western District of Texas, Defendant,

**LUIS EMETRIO GONZALEZ,**

being a person who knew he had previously been convicted of at least one of the following crimes punishable by imprisonment for a term exceeding one year, to-wit:

On March 11, 1998, LUIS EMETRIO GONZALEZ was convicted of the felony offense of *Assault With Deadly Weapon Other Than Firearm* or *GBI Force* in the Superior Court of Sonoma County, California, in Cause Number SCR-23766-1;

On May 29, 2009, LUIS EMETRIO GONZALEZ was convicted of the felony offense of *Possession of a Controlled Substance, Enhanced* in the Superior Court of Sonoma County, California, in Cause Number SCR-483459-1;

On May 29, 2009, LUIS EMETRIO GONZALEZ was convicted of the felony offense of *Transport, Sale, Distribution of a Controlled Substance* in the Superior Court of Sonoma County, California, in Cause Number SCR-486805-1;

did knowingly possess at least one of the following firearms, to-wit:

An AR-15 rifle with unknown serial number;
A Colt .380 automatic pistol with unknown serial number;

said firearm having moved in commerce and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

Specifically, the United States Attorney would prove beyond a reasonable doubt that:

On February 8, 2020, a patrol officer with the Belton Police Department was dispatched to a residence in the city regarding a family disturbance. When the patrol officer arrived at the residence, he met with a female who indicated that her son was in a bedroom and was acting "crazy." The officer made contact with the son, later identified as the Defendant, LUIS EMETRIO GONZALEZ. The Defendant appeared to be under the influence of methamphetamine. In the bedroom identified by the Defendant's parents to be the Defendant's bedroom, the officer saw an AR-15 rifle laying on the bed. When the officer went to secure the rifle, he found a Colt .380 automatic pistol lying next to it. These firearms, as described in the Indictment, had had their serial numbers removed. The officer learned that the Defendant was wanted by the State of California on a parole violation warrant. He was arrested, given his legal warnings, which he waived, and agreed to speak with the officer. When asked by the officer if the firearms described in the Indictment would have his fingerprints on them, the Defendant indicated that they would. The officer located several .380 caliber bullets on the couch where the Defendant had been seated after his arrest. The bullets were not on the couch prior to the Defendant being seated.

This incident occurred in Belton, Bell County, Texas, a place within the Waco Division of the Western District of Texas.

The Defendant was previously convicted of the felony offenses listed in the Indictment. The offenses are crimes punishable by imprisonment for a term exceeding one year under the laws of the state of Texas.

Moreover, the Defendant knew he had previously been convicted of crimes punishable by imprisonment for more than one year, as he was either present in open court when he was

sentenced to a term of imprisonment of more than one year or he admitted in documents filed with the court prior to his conviction that he knew of the maximum punishment provided by law for the offense, and the potential punishment for that offense exceeded one year.

The firearms described in the Indictment were manufactured outside of the State of Texas, and thus traveled in the stream of interstate and/or foreign commerce prior to arrival in Texas.

The firearms described in the Indictment are weapons which will or are designed to or may readily be converted to expel a projectile by the action of an explosive.

                              Respectfully submitted,

                              ASHLEY C. HOFF
                              United States Attorney

                              /s/ *Mark L. Frazier*

By:    MARK L. FRAZIER
        Assistant United States Attorney